Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA FRIERSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1312-CR-596 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Julie N. Cantrell, Judge
Cause No. 45G04-1204-FB-41

**August 13, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Joshua Frierson ("Frierson") was convicted in Lake Superior Court of Class C felony carrying a handgun without a license and Class D felony resisting law enforcement. Frierson appeals and argues that a jury instruction given by the trial court constitutes fundamental error when it directs the jurors to presume that every witness is telling the truth.

We affirm.

## Facts and Procedural History

On April 14, 2012, Dion Clayton ("Clayton") was driving with his girlfriend Natasha Adams ("Adams") and his friend Danteno Taylor ("Taylor") down 5th Avenue in Gary, Indiana, when they began to be followed by a white Chevy Impala with tinted windows. In order to determine whether they were truly being followed, Clayton pulled into a McDonalds restaurant parking lot and went through the drive-thru. The Impala continued to follow Clayton through the drive-thru and back out onto 5th Avenue. Once on 5th Avenue, the driver of the Impala began to fire a gun at Clayton's car, shooting Clayton in the arm and shattering the rear window. After about five or six blocks, the shooting stopped, and the Impala drove off. Clayton, Taylor, and Adams left the car on foot and ran to a nearby train station, where they called Taylor's cousin for a ride to the hospital. Taylor's cousin took them to Methodist Hospital Northlake, where Clayton's injury was treated.

Officer Justin Hendrick ("Officer Hendrick") of the Gary Police Department received a report over the police radio stating that shots had been overheard around 5th and Grant. While driving to the area, Officer Hendrick received another call stating that the shots had come from a white car. Officer Hendrick observed a white Chevy Impala speed past him, and he began pursuing the vehicle. Officer Hendrick turned on his police lights and sirens and attempted to pull the Impala over, but the driver ignored him and continued to drive. After driving for two blocks and turning down an alleyway, the driver of the Impala pulled into the driveway of a

2

house, apparently his own residence, and ran from the car on foot. Officer Hendrick parked and followed the driver on foot into the home's backyard. Officer Hendrick yelled at the driver to stop and get on the ground. The driver ignored Officer Hendrick and continued to run. Officer Hendrick caught up with the driver and tried to handcuff him, but the driver struggled and escaped. The chase eventually ended on the street between 8th and Grant with Officer Hendrick and the driver wrestling on the ground. At this point, additional police officers showed up to assist. Because the driver was still resisting arrest, Officer Daniel Gutierrez used a Tazer on the driver and placed him in handcuffs. The driver was identified by the officers as Joshua Frierson. The police discovered a semi-automatic handgun on the floorboard of Frierson's Impala. Shell casings from the area where Clayton was shot were matched with the gun from Frierson's car by Indiana State Police.

Frierson was charged with one count of Class B felony aggravated battery, two counts of Class B felony attempted aggravated battery, two counts of Class C felony battery, two counts of Class C felony attempted battery, one count of Class C felony carrying a handgun without a license, and one count of Class D felony resisting law enforcement. A jury trial was held from September 23 to September 26, 2013, and the jury convicted Frierson of Class C felony carrying a handgun without a license and Class D felony resisting law enforcement, but could not reach a unanimous verdict on the other counts. On October 30, 2013, the trial court sentenced Frierson to seven years incarceration for Class C felony carrying a handgun without a license and three years incarceration for Class D felony resisting law enforcement, to be served concurrently.

**Discussion and Decision**

On appeal, Frierson's sole claim is that the trial court committed fundamental error by instructing the jury to "attempt to fit the evidence to the presumption that the defendant is innocent and the theory that every witness is telling the truth." Appellant's Br. at 3; Appellant's

3

App. p. 133. Frierson claims that, by instructing the jury in this way, the trial court "derogated the presumption of innocence" and "relieved the State of its constitutionally-required burden of presenting proof beyond a reasonable doubt." Appellant's Br. at 3.

A trial court has broad discretion in deciding how to instruct the jury and its decision will be reviewed on appeal only for an abuse of discretion. Mateo v. State, 981 N.E.2d 59, 69 (Ind. Ct. App. 2012). The decision of the trial court will not be reversed unless the jury instructions, taken as a whole, mislead the jury or mistake the law. Id. When determining if the trial court abused its discretion, we will consider: "(1) whether the tendered instruction incorrectly states the law; (2) whether there was evidence presented at trial to support giving the instruction; and (3) whether the substance of the instruction was covered by other instructions that were given." Kelly v. State, 813 N.E.2d 1179, 1185 (Ind. Ct. App. 2004), trans. denied.

A defendant has the ability to object to specific jury instructions during trial, but if the defendant does not make an objection to the instructions, the right to challenge these instructions on appeal is waived. Ind. R. Trial P. 51(c); Baker v. State, 948 N.E.2d 1169, 1178 (Ind. 2011). Even so, we will review a jury instruction on appeal if a fundamental error occurred. Id. An error is fundamental if it is so prejudicial to the defendant's rights that a fair trial is impossible. Id. In considering whether a defendant was denied the right to a fair trial, we determine whether the resulting harm or potential for harm is substantial. Id. at 1178-79. Substantial harm has occurred "if the defendant's right to a fair trial was detrimentally affected by the denial of procedural opportunities for the ascertainment of truth to which he would have been entitled." Id. at 1179.

Here, Frierson did not raise an objection to the challenged instruction during the trial. Appellant's Br. at 5. Thus, we review the jury instruction for fundamental error. The challenged instruction, Instruction No. 26, reads in relevant part:

4

You, the jury, are the sole judges of the credibility of the witnesses and of the weight to be given to their testimony. You should attempt to fit the evidence to the presumption that the defendant is innocent and the theory that every witness is telling the truth, if you can reasonably do so. You should not disregard the testimony of any witness without a reason and without careful consideration. If, however, you find a conflict in the testimony that you cannot reconcile, you may choose whom you will believe and whom you will not believe.

Appellant's App. p. 133. The Indiana Supreme Court has previously held that an instruction telling the jury to presume that every witness is telling the truth is proper. Timberlake v. State, 690 N.E.2d 243, 258-59 (Ind. 1997). Such an instruction "tells the jury that they are to test the evidence as they hear it so that they may then fit that evidence to the presumption that the defendant is innocent," but does not require jurors to believe every witness regardless of the defendant's presumption of innocence. Young v. State, 696 N.E.2d 386, 390-91 (Ind. 1998) (quoting Lottie v. Smith, 406 N.E.2d 632, 637 (Ind. 1980)). As in Young, Frierson's jury was fully instructed regarding the presumption of innocence. Young, 696 N.E.2d at 390-91; Appellant's App. p. 133. The jury instruction at issue here is almost identical to the instruction given in Young. No error was committed by the trial court here, much less a fundamental error.

We therefore affirm Frierson's conviction.

Affirmed.

RILEY, J., and CRONE, J., concur.

5